*281 OPINION.
Gbeen:
Of the total amount expended by the petitioner in remodeling its plant for the purpose of manufacturing war-time flour, the Commissioner has allowed, as a deduction in 1918, $4,058.65. The petitioner contends that the remainder, less $118.61 received from the sale of lumber and other small items, should be allowed as a deduction in 1919. It appears, however, that when the mill was remodeled in 1918, certain machinery was purchased, some new and some second-hand, and that this machinery was continued in use by the taxpayer after the mill was restored in 1919 to its prewar condition. The cost of this machinery does not appear in the record, and, except for the fact that the major portion of the amount expended in 1918 was due to labor, we have no information as to the proportionate amount representing the cost of the machinery, and we are not in position to say that the petitioner has not been allowed as a deduction the full amount to which it is entitled under the law.
From the record it appears that the petitioner kept its accounts covering expenditures in a rather irregular manner by posting improvements, replacements and repairs in one account until the end of the year, at which time the amounts expended for repairs were segregated from the capital expenditures. At that time the petitioner’s bookkeeper and president checked each item and listed as repairs only such amounts as were expended for the purpose of keeping the plant in running condition. The evidence convinces us that the petitioner expended the sum of $4,515.81 in making repairs in the year 1920, and is entitled to a deduction of that amount.
With reference to the taxes for 1918 prorated in determining the petitioner’s invested capital for 1919, the Commissioner has admitted that the proper amount is $290.40, instead of $2,204.04, as used in his computation.
Judgment will be entered on 15 days' notice, u/nder Rule 50.